UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Cecil Osakwe, <br> (A#76-826-718), <br><br> *Plaintiff*, <br><br> v. <br><br> Department of Homeland Security, *et al.* <br><br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action G-07-00308 |

**Memorandum and Order**

Before the court is plaintiff Cecil Osakwe's motion for summary judgment or, in the alternative, to remand this action to the United States Citizenship and Immigration Services ("USCIS").[1] For the following reasons, the motion for summary judgment is DENIED. However, the motion to remand is GRANTED, with instructions.

Osakwe is a 39-year old lawful permanent resident of the United States. The defendants in this case are Department of Homeland Security ("DHS") Secretary Michael Chertoff; USCIS Director Dr. Emilio Gonzalez; Federal Bureau of Investigation ("FBI") Director Robert S. Mueller; and the Director of the Houston CIS District Office, Sharon A. Hudson. All of the defendants are Executive Branch officials, specifically with the Departments of Justice and Homeland Security.

The dispute in this case involves a delay in the adjudication of an application for United States citizenship through naturalization. Osakwe reports that, since 1999, he has been a lawful

---

[1] Dkt. 17. The court had previously dismissed Osakwe's suit for want of subject-matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. Dkt. 4. Subsequently, the Fifth Circuit, in a *per curiam* decision, granted a petition for panel rehearing and withdrew its earlier ruling in *Walji v. Gonzales (Walji I)*, 489 F.3d 738 (5th Cir. 2007). *Walji v. Gonzales (Walji II)*, 500 F.3d 432 (5th Cir. 2007). This court's dismissal, predating the *Walji II* ruling, was predicated on the binding precedent established in *Walji I*. Consequently, the Fifth Circuit vacated this court's dismissal and remanded for further proceedings. Dkt.14.

permanent resident of the United States. Osakwe filed a Form N-400 "Application for Naturalization" with USCIS in June 2004, seeking United States citizenship. On October 12, 2004, an immigration official interviewed Osakwe as part of the naturalization application process. At the interview, Osakwe passed the requisite written proficiency tests on the English language, United States history, and United States government. A decision whether to recommend approval of Osakwe's application for naturalization could not be made at that time, however, because the FBI had not yet completed the mandatory national security background check, commonly referred to as the "FBI name check."

Upon completion of Osakwe's interview, USCIS was required to complete the naturalization process within a statutorily prescribed 120-day period. *See* 8 U.S.C. § 1447(b); *Walji v. Gonzales*, 500 F.3d 432, 438 (5th Cir. 2007) (per curiam) ("[T]he term 'examination' refer[s] to the CIS's interview of an applicant."). Osakwe's application has remained pending for over three years while the USCIS waits for a required name check to be performed by the Federal Bureau of Investigation (FBI). Ahmed therefore brings this action pursuant to 8 U.S.C. § 1447(b). This statute provides:

> If there is a failure to make a determination [for naturalization] under section 1146 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

The issue of delayed naturalization under section 1447 has been treated in numerous opinions in the last several years. Rather than repeat the analysis of those opinions, the court will simply note them, and adopt the approach of "remand[ing] the matter, with appropriate instruction," to the

2

USCIS. *See, e.g.*, *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 842-43 (E.D. Mich. 2006); *Khan v. Chertoff*, 2006 WL 2009055, at *2 (D. Ariz. 2006); *Al-Kudsi v. Gonzales*, 2006 WL 752556, at *3 (D. Or. 2006); *Castracani v. Chertoff*, 377 F. Supp. 2d 71, 75 (D.D.C. 2005); *see also Immigration & Naturalization Serv. v. Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

Accordingly, this case is remanded to the USCIS for further proceedings. Within 14 days, the USCIS must order the FBI to expedite the name check on Osakwe. Furthermore, within 30 days of receiving the report of the results of the name check from the FBI, the USCIS must decide Osakwe's naturalization application. Lastly, if the decision is to grant the application, the USCIS must permit Osakwe to be naturalized as a citizen within 30 days.

This case will be administratively closed, but should further court review prove necessary, Osakwe may reinstate this action.

It is so ORDERED

Signed at Houston, Texas on January 14, 2008.

_____
Gray H. Miller
United States District Judge